**ACE WATERWAYS, Inc. v. FLEMING.**

United States District Court
S. D. New York.
July 13, 1951.

Thomas L. O'Hagan, of New York City, for the plaintiff.

Irving H. Saypol, United States Atty., and Samuel S. Burman, Asst. United States Atty., New York City, for defendant.

HOLTZOFF, District Judge (sitting by designation).

This action involves the question whether the Coast Guard has the authority to require a vessel of about 98 gross tons, propelled by an internal combustion engine, to carry a lifeboat.

The plaintiff is the owner of a vessel of about 98 gross tons, named Ace, propelled by diesel engines and intended for use of fishing parties in the general vicinity of New York harbor. The appropriate officer of the Coast Guard has refused to issue a certificate of inspection unless the vessel is equipped with a lifeboat and certain other life-saving equipment. The plaintiff has declined to comply with this requirement and has brought this action for a mandatory injunction to compel the issuance of a certificate of inspection. Plaintiff now moves for an order directing the issuance of such certificate.

Although not so denominated, the motion is, in effect, one for a summary judgment and will be so disposed of. The controversy hinges solely on the question of law, namely, whether statutory authority exists for the requirement imposed by the Coast Guard.

■ The statutory scheme for the inspection of vessels is found in the Revised Statutes. More recently these provisions have been compiled in Chapter 14 of Title 46 of the United States Code Annotated. The various sections of Chapter 14 of Title 46, impose certain requirements in respect to the inspection and regulation of vessels, the purpose being largely to protect life and property. In view of the fact that at the time when these statutes were originally enacted steam was the only power used by mechanically propelled vessels, the legislation originally referred throughout to steam vessels. Thus, the first of these sections, Section 361, provided that, "Every vessel propelled in whole or in part by steam shall be deemed a steam vessel within the meaning of this and the following chapter and sections 214 and 215."

■ With the development of the use of internal combustion engines, it was necessary to extend the authority of inspecting and regulating vessels to ships propelled by means other than steam. This extension of law was indispensable in the public interest, because obviously it was as necessary to safeguard life and property on board motor propelled ships and to the same extent as those on board steam vessels. This result was accomplished by the Act of June 13, 1933, 48 Stat. 125, which amended Section 361, so as to change the definition of steam vessels to read as follows: "Every vessel subject to inspection propelled in whole or in part by steam or by any other form of mechanical or electrical power shall be considered a steam vessel within the meaning of and subject to all of the provisions of this Act. * * " [1]. In other words, the definition of a steam vessel is expanded to include every vessel propelled by any form of mechanical or electrical power. Thus, by legislative fiat a vessel propelled by an internal combustion engine becomes a steam vessel. No doubt, this is not the most artistic type of legislative draftsmanship. It reminds one of a well-known character in Lewis Carroll's immortal classic, who said that words shall mean what one desires them to mean, the only question being who shall be master, the word or the person using it. Nevertheless, the Congress has a right to legislate by definition if it chooses. The effect of the 1933 amendment was to apply to vessels driven by internal combustion engines certain statutes relating to the inspection and regulation of steam vessels.

■ The only question that may arise in this connection is what is meant by "the

668

provisions of this Act" as used in the 1933 amendment quoted above. Necessarily, "this Act" must mean the Act that is being amended. The Act of 1933 amends a number of provisions of law relating to the inspection of vessels, all of which are found in Chapter 14 of Title 46, United States Code Annotated. It follows hence that the phrase "this Act" is intended to mean all of the provisions of Chapter 14 of Title 46 of United States Code.

It is argued, however, that this construction is not warranted in view of the Act of June 20, 1936, 46 U.S.C.A. § 367, which expressly extended existing law governing the inspection of steam vessels to seagoing vessels of 300 gross tons or over, propelled in whole or in part by internal combustion engines. The Court is cognizant of this difficulty and is inclined to the view that the last mentioned provision must be deemed surplusage, or, at best, an attempt to clarify what may have been deemed an ambiguity in the 1933 Act. Under no circumstances may it be construed to modify or repeal the 1933 amendment.

Section 391, which is a part of Chapter 14 of Title 46 of United States Code Annotated, imposes the duty on the Coast Guard of inspecting the hull of every vessel once every year and of satisfying itself that every such vessel is in a condition to warrant the belief that she may be used in navigation with safety to life, and that all the requirements of law in regard to fires, boats, life preservers, etc., are faithfully complied with. Section 481 requires every vessel to be provided with such number of lifeboats as will best secure the safety of all persons on board such vessel in case of disaster. The Commandant of the Coast Guard is authorized to fix and determine by rules and regulations the character of lifeboats and similar equipment to be used on such vessels.

The statutes in question being intended to protect the safety of life and property and to minimize disaster at sea, should receive a liberal construction in the public interest.

In the light of the foregoing circumstances, the Court is of the opinion that the Coast Guard has the authority to prescribe the requirement that it seeks to impose in this instance.

Plaintiff's motion for a summary judgment is denied.