### ROBESON v. ACHESON.
#### No. 11030.

United States Court of Appeals
District of Columbia Circuit

Argued March 13, 1952.

Decided Aug. 7, 1952.

986

Mr. Nathan Witt, New York City, of the Bar of the Court of Appeals of New York, *pro hac vice,* by special leave of Court, with who Messrs. James A. Cobb, George E. C. Hayes, George A. Parker and Barrington D. Parker, Washington, D. C., were on the brief, for appellant.

Mr. Joseph M. Howard, Asst. U. S. Atty., with whom Messrs. Charles M. Irelan, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., were on the brief, for appellee. Mrs. George Morris Fay, U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before WILBUR K. MILLER, PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

Appellant Robeson, plaintiff below, appeals from dismissal of his complaint, on motion, by the District Court. The complaint seeks a declaratory judgment and injunction decreeing in substance that appellant's passport is still valid, that appellee Acheson, Secretary of State, the defendant

below, has without right cancelled it, and that appellant is entitled to leave the United States without interference by appellee.

The complaint, filed Deecmber 19, 1950, recites, *inter alia,* that appellant, a citizen of the United States, then held a passport which would by virtue of a renewal remain valid until January 25, 1951; that appellee Acheson, through his agents, demanded appellant surrender his passport; that the passport was invalidated, and, on information and belief, that appellee took steps to prevent appellant from leaving the United States. The complaint sets forth respects in which appellee's conduct is said to have been illegal and to have injured appellant in his travel plans and business activities abroad.

■ According to the allegations of the complaint the passport expired January 25, 1951, a few weeks subsequent to the filing of the suit. No application for renewal or for a new passport is shown to have been made. Insofar as the passport is concerned it seems clear, therefore, the case has long since become moot. " * * * There being no subject matter upon which the judgment of this Court can operate, the cause is moot." Amalgamated Ass'n of St. Elec. Ry. & Motor Coach Emp. of America Div. 998 v. Wisconsin Board, 1951, 340 U.S. 416 at page 418, 71 S.Ct. 373, 375, 95 L.Ed. 389. We should not, under settled principles, decide the important issues sought to be litigated when there is pending before the Secretary no application for a new passport and the one said to have been unlawfully invalidated has expired by its own terms.

■ The entire case fails by reason of the situation above described. It is not saved by the allegations that the Secretary has taken steps pursuant to Section 53.5 of Title 22 of the Code of Federal Regulations to prevent appellant's departure from the United States.[1] It is true the alleged ac-

1. Peacetime control over passports is vested in the Secretary, under regulations prescribed by the President. 44 Stat. 887 (1926), 22 U.S.C.A. § 211a (1946). Regulations under this provision are found in Sections 51.1–52.9, 22 Code Fed. Regs. Parts 51 and 52 (1949 ed.). Un-

der 22 U.S.C.A. §§ 223 and 224 (1946), 40 Stat. 559 (1918), the President is authorized to restrict departures from the United States in time of actual war or during the national emergency proclaimed May 27, 1941, by Proclamation No. 2487, 6 Fed.Reg. 2617, 50 U.S.C.A.Appendix

tions of the Secretary in this respect, like those dealing with cancellation of the passport, are characterized as depriving appellant of his right to travel abroad, and as arbitrary, discriminatory and violative of due process of law. But the complaint indicates that the steps said to have been taken to prevent appellant's departure are incident to invalidation of his passport. Nowhere among the allegations of his travel plans or desires or business activities dependent upon his travel is there a suggestion of plans, desires or activities which would take appellant to any place outside the United States where under existing law and regulations a passport might not be required.[2] A fair reading of the complaint discloses no case, independent of the consequence of invalidation of the passport, of alleged infringement of rights by restraint upon appellant's freedom of movement beyond the United States. Copies of communications between him and the State Department, attached as exhibits to the complaint, and his reference to § 53.5 of the regulations, the terms of which are outlined in the last paragraph of n. 1, supra, emphasize that his dispute with the Department is radicated in the passport issue. Since that issue falls as moot the whole case falls with it as presently set forth in the complaint.

Reversed and remanded to be dismissed as moot.

note preceding § 1. Though this emergency was terminated April 28, 1952, and though the war has ended, the powers referred to have been extended. The current extension appears in Public Law 450, approved July 3, 1952, 66 Stat. 330, and also in Public Law 414, Immigration and Nationality Act, Sec. 215, enacted into law over Presidential veto, June 27, 1952, 66 Stat. 190. Under these powers the Secretary has promulgated regulations which include Section 53.5, 22 Code Fed.Regs. Part 53 (1949 ed.), referred to in the complaint.

Section 53.5 permits (a) the Secretary to prevent departure or entry of a citizen if he does not bear a passport or other specified document notwithstanding he may be destined for or arriving from a place outside the territory of the United States for which a valid passport is not required in the regulations; further,

(b) the Secretary is permitted to prevent temporarily departure or entry of a citizen who bears a valid passport or other specified document or is destined for or arriving from a place outside United States territory for which a valid passport is not required under the regulations of said Part. Provision (b) is not involved by the complaint and in any event appears inapplicable. Provision (a) refers to a situation where a person does not have a passport even when usually one would not be required. Thus again it appears that the prevention of appellant's departure, alleged to have been taken pursuant to Section 53.5, is due to absence of a passport even though we were to assume he might desire to go where a passport is ordinarily unnecessary, under § 53.2, 22 Code Fed.Regs. Part 53 (1949 ed.).

2. See 22 Code Fed.Regs. § 53 (1949 ed.).