Claudette C. BROWN, Appellant,

v.

GENERAL MOTORS ACCEPTANCE
CORPORATION, Appellee.

No. 84–770.

District of Columbia Court of Appeals.
Argued Feb. 25, 1985.
Decided April 10, 1985.

James B. Miles, Washington, D.C., for appellant.

Gilbert L. Sussman, Silver Spring, Md., with whom Seymour Korn, Silver Spring, Md., was on the brief, for appellee.

Before PRYOR, Chief Judge, and TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

This is an appeal from an order of the Superior Court granting the motion of appellee General Motors Acceptance Corporation (GMAC) for summary judgment and dismissing appellant Brown's counterclaims. Appellant contends that the trial court erred in failing to recognize that there was a genuine issue of material fact which precluded summary judgment. We need not rule on this contention because we conclude that the judgment must be reversed for another reason, namely, that GMAC's motion for summary judgment was inadequate to demonstrate the absence of any genuine issue of material fact.

I

In November 1979 appellant bought a new 1980 Pontiac from a retail dealer. The sales contract provided that appellant would make forty-eight monthly payments, and it assigned all of the collection rights to GMAC.

On January 5, 1982, because appellant had fallen three months behind in her payments, GMAC repossessed the car. In a letter dated January 6, GMAC advised appellant that the car would be offered for sale after January 25 unless she paid all past due installments, plus expenses, before that date. When she failed to do so, GMAC sold the car on January 27.

A few months later GMAC sued appellant in the Superior Court, seeking a deficiency judgment to recover the difference between the proceeds of the sale and the amount still due on the installment contract. In her answer appellant asserted that GMAC was not entitled to a deficiency judgment because it had failed to send her a timely notice of the sale. Her answer also included a counterclaim seeking compensatory and punitive damages, as well as attorney's fees, for GMAC's failure to comply with applicable statutes governing the sale of repossessed chattels.

GMAC moved for summary judgment, contending that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. Appellant opposed the motion, asserting that there was a genuine dispute as to whether GMAC had given her timely notice of the proposed sale of the car. The trial court rejected her argument, granted GMAC's motion, and dismissed appellant's counterclaims.

## II

■ A motion for summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Super.Ct.Civ.R. 56(c). On appeal this court must make an independent review of the record and apply the same standard that the trial court applies when it initially considers the motion. *Taylor v. Eureka Investment Corp.*, 482 A.2d 354, 357 (D.C.1984); *Phenix-Georgetown,*

*Inc. v. Chas. H. Tompkins Co.*, 477 A.2d 215, 221 (D.C.1984); *Holland v. Hannan,* 456 A.2d 807, 814 (D.C.1983). That is, we must view the record in the light most favorable to the party opposing the motion and resolve any doubt regarding the existence of a factual dispute against the moving party. *Swann v. Waldman,* 465 A.2d 844, 846 (D.C.1983); *Murphy v. Army Distaff Foundation, Inc.*, 458 A.2d 61, 62 (D.C.1983). Most pertinent to this case is the rule that the moving party has the burden of proving the absence of any genuine issue of fact. *McCoy v. Quadrangle Development Corp.*, 470 A.2d 1256, 1259 (D.C.1983); *Nader v. de Toledano,* 408 A.2d 31, 42 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). "[I]f the moving party does not meet its initial burden, summary judgment must be denied even where the opponent comes forth with nothing." *Burt v. First American Bank,* 490 A.2d 182, 185 (D.C. 1985), citing *Burch v. Amsterdam Corp.,* 366 A.2d 1079, 1084 (D.C.1976).

■ Super.Ct.Civ.R. 55–II(b) provides that "[n]o deficiency judgment after repossession of personal property shall be granted unless it shall appear to the satisfaction of the Court by proper evidence that [the] plaintiff complied with applicable law...." The "applicable law" in this case is 5AA DCRR § 5.2(a) (1981), which states:

Within five days after any motor vehicle is repossessed, the holder shall deliver to the buyer personally, or send him by registered or certified mail to his last known address, a written notice stating (1) the buyer's right to redeem and the amount due and payable, (2) the buyer's rights as to a resale and his liability for a deficiency, and (3) the exact address where the motor vehicle is stored and the exact address where any payment is to be made or notice delivered.

When a secured party fails to give notice in accordance with this regulation, the trial court has no authority to grant a deficiency judgment. Hence, if a court grants a judgment under these circumstances, it must be

 

reversed. *Randolph v. Franklin Investment Co.*, 398 A.2d 340, 344 (D.C.1979) (en banc); *Gavin v. Washington Post Employees Federal Credit Union*, 397 A.2d 968 (D.C.1979).

■ In this case GMAC had the burden of demonstrating the absence of any genuine issue of material fact regarding, among other things, the timely mailing of a notice to appellant advising her of her right to redeem the car. It plainly failed to meet this burden. The notice itself was dated January 6, but there was no evidence of any kind showing that it was mailed on January 6. Indeed, the only evidence of mailing was a copy of the return receipt, which showed that the notice was delivered on January 29, two days after the car was sold. This receipt, moreover, was proffered not by GMAC but by appellant, as an exhibit appended to her opposition to the motion for summary judgment. GMAC offered no proof whatsoever that the notice was mailed at all, let alone that it was timely mailed.[1]

GMAC asserts that its notice may have lain "dormant" in the post office from January 7 to January 29. It cites a postal regulation[2] which states that a certified letter may remain at a local post office if it cannot be delivered to the addressee. GMAC fails to recognize, however, that the same regulation says that such a letter will be kept at the post office for only fifteen days (not twenty-two as appellant posits) and then returned to the sender. Of course, none of this is dispositive, since GMAC never established when the notice was mailed or received at the post office in the first place.

Because GMAC failed to demonstrate the absence of a genuine issue of material fact,

the trial court's judgment must be reversed. The reversal extends not only to GMAC's deficiency claim but also to appellant's counterclaims, since they too are based on GMAC's failure to give her timely notice of the proposed sale of her car. We remand the case for further proceedings on both the complaint and the counterclaims.

*Reversed.*

---

**1.** The notation "cc: Certified Mail/Regular Mail" appears in the lower left-hand corner of the notice. Even if we were to assume that this would be sufficient to prove the *fact* of mailing, it could not possibly prove the *date* of mailing. Thus the presumption that a letter, properly addressed and mailed, was received by the addressee is of no help to GMAC. The cases cited by GMAC do not create a presumption that an

article of mail was received within any specified period of time after mailing. Even if they did, such a presumption would be rebutted in this case by the return receipt, which showed the exact date of delivery.

**2.** UNITED STATES POSTAL SERVICE, DOMESTIC MAIL MANUAL § 912.55.