Leon FAULKNER, Appellant,

v.

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY
(GEICO), Appellee.**

No. 92–CV–33.

District of Columbia Court of Appeals.

Argued Nov. 17, 1992.
Decided Dec. 30, 1992.

Leon Faulkner, pro se.

Stephen P. Zachary, Washington, DC, for appellee.

Before FERREN and STEADMAN, Associate Judges, and NEWMAN, Senior Judge.

STEADMAN, Associate Judge:

This appeal involves the application of the doctrine of *res judicata* to two temporally separated events. The first was an automobile accident that occurred on November 25, 1983, in which appellant was injured. He subsequently brought suit on his no-fault insurance policy against his insurer, appellee Government Employees Insurance Company ("GEICO"). The second was GEICO's cancellation of appellant's automobile policy on July 10, 1989, in alleged retaliation against appellant for bringing the litigation.

Following cancellation of his policy, appellant brought the instant suit against GEICO seeking damages and reinstatement of the policy. With this claim, he coupled two other counts involving matters relating to the prior litigation. The trial court dismissed all three counts as barred by *res judicata*. We affirm the dismissal of the latter two counts, but reverse with respect to the count of alleged wrongful cancellation of the policy.

## I.

On November 25, 1983, appellant was involved in an automobile accident. Subsequently, on November 25, 1986, appellant filed suit against GEICO, seeking no-fault economic damages arising out of the automobile accident. Trial was held from May 29, 1990, until June 4, 1990, and resulted in a jury verdict in favor of appellant for some $45,000.

In a separate action filed on October 18, 1988, appellant sued Donna Miller, a GEICO employee, for fraudulent misrepresentation. Miller had allegedly gone to the hospital in which appellant had been admitted following the accident, pretended to be an employee of the hospital, and questioned appellant. It was after this covert investigation by Miller (on behalf of GEICO) that GEICO refused to pay no-fault benefits to appellant. Miller made a motion for summary judgment based on *res judicata*, arguing that the claim against Miller arose out of the same cause of action as the claims against GEICO, and should have been included in the lawsuit against GEICO, since Miller was acting as an agent of GEICO. Miller's motion for summary judgment was granted on the grounds of *res judicata*, and that judgment was affirmed by this court in an unpublished memorandum opinion.[1]

On June 6, 1989, while appellant's lawsuit against GEICO was pending, GEICO sent notice to appellant that his insurance policy would be cancelled for nonpayment of premiums as of July 10, 1989, if overdue premiums were not received by that date.[2] The policy was cancelled as stated in the notice.

On January 7, 1991, appellant filed the instant lawsuit, his second against GEICO. Appellant's complaint included three claims, two arising out of the automobile accident and one arising out of the cancellation of appellant's automobile insurance policy. The claims arising out of the automobile accident were (1) fraud, based upon GEICO's sending Miller covertly to the hospital, and (2) refusal to pay additional no-fault economic benefits beyond those awarded by the jury. The third claim was

---

1. *Faulkner v. Miller*, No. 91–CV–61 (D.C. Jan. 3, 1992).

2. The insurance policy was actually in the name of appellant's wife, Martha H. Faulkner, but appellant was also covered under that policy.

for wrongful cancellation of appellant's insurance policy. While GEICO maintained that the policy was cancelled for nonpayment of premiums, appellant contended that it was cancelled in retaliation for the first lawsuit brought by appellant against GEICO. The trial court granted GEICO's motion for summary judgment and/or dismissal on December 18, 1991, ruling that all three claims could have been included in appellant's first action against GEICO, and are now barred by *res judicata.*

## II.

■■■ Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits "embodies all of a party's rights arising out of the transaction involved," *see Stutsman v. Kaiser Foundation Health Plan,* 546 A.2d 367, 370 (D.C.1988), and precludes relitigation in a subsequent proceeding of all issues arising out of the same cause of action between the same parties or their privies, whether or not the issues were raised in the first trial. *Washington Med. Center, Inc. v. Holle,* 573 A.2d 1269, 1280–81 (D.C.1990); *Smith v. Jenkins,* 562 A.2d 610, 613 (D.C.1989); *Henderson v. Snider Bros.,* 439 A.2d 481, 484–85 (D.C.1981) (en banc). *Res judicata* does not bar litigation of an issue merely because it is in some remote way related to an issue litigated in a prior action. If the two issues arise out of the same cause of action, however, the subsequent claim will be barred if the issue was actually litigated or if it could have been litigated in the prior proceeding. *Stutsman,* 546 A.2d at 369–70; *see also Henderson,* 439 A.2d at 485 (" '[A] judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented,' " (quoting *Cromwell v. County of Sac,* 94 U.S. 351, 383, 24 L.Ed. 195 (1878)).

■■■ For purposes of *res judicata,* the nature and scope of a "cause of action" is determined by "the factual nucleus, not the theory on which a plaintiff relies." *See Stutsman,* 546 A.2d at 370. A cause of action includes " 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.' " *Smith,* 562 A.2d at 613 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982)). If there is a common nucleus of facts, then the actions arise out of the same cause of action. In determining whether the two actions arise out of the same cause of action, this court has "considered the nature of the two actions and the facts sought to be proved in each one." *Amos v. Shelton,* 497 A.2d 1082, 1085 (D.C.1985). This court must consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith,* 562 A.2d at 613 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). Moreover, " 'the "transaction" or "occurrence" is the subject matter of a claim, rather than the legal rights arising therefrom; additions to or subtractions from the central core of fact do not change this substantial identity so as to support piecemeal appeals.' " *Id.* (quoting *Clark v. Taylor,* 163 F.2d 940, 942–43 (2d Cir.1947)).

■■■ Appellant's first two claims in the instant action arise out the automobile accident which gave rise to appellant's first suit against GEICO. All actions of GEICO relevant to those claims occurred prior to appellant's filing of his first action against GEICO, and are within the same "factual nucleus" as the claims in that action. They were in existence and could have been included in the original complaint in his first action against GEICO. They are thus very different from appellant's wrongful cancellation claim, in which the relevant actions by GEICO did not even *occur* until long after the events upon which the first action was based.

■■■ At the time that appellant filed his first action against GEICO, his insurance policy had not yet been terminated. It was not until two and one-half years into the first lawsuit that the policy was terminated. The trial court ruled that appellant should have amended his complaint in his

first action against GEICO in order to include the wrongful cancellation claim once that claim arose, and that failure to do so bars appellant from litigating that claim in a separate action against GEICO. *Res judicata* bars only claims arising out of the same cause of action, however. The action of GEICO for which appellant seeks redress, the cancellation of appellant's insurance policy, occurred five and one-half years after the automobile accident. We cannot agree with the trial court that the events giving rise to the first lawsuit, and the events that occurred five and one-half years later, involve the same "factual nucleus."

It is not the time differential alone that precludes the application of *res judicata* to appellant's wrongful cancellation claim, however; it is also the nature of the incidents. They arise out of different events. The cancellation of appellant's insurance policy did not arise out of the automobile accident in the sense that it involved any aspect of a claim for injuries or loss suffered as a result of the accident. It arose out of something quite different. It arose out of appellant's filing of the first lawsuit and in retaliation thereto.[3] The facts relevant to this claim are thus dissimilar not only in time, but also in origin and motivation as well. The automobile accident and GEICO's failure to pay benefits to appellant is one connected set of facts, while GEICO's cancellation of appellant's automobile insurance policy based, not on the accident itself, but on appellant's actions in suing GEICO based upon that accident, is a different set of facts, constituting a separate "factual nucleus." *Cf. Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 473–74 (D.C.1983) (foreclosure suit based on money due from sale of apartment building different cause of action from contractual claim between sellers of building and their brokers).

This is not a case in which appellant is trying to get "a second bite of the apple." The judgment in appellant's first action against GEICO serves as a bar to all claims against GEICO and its privies arising out of the same "factual nucleus" as that first case. It does not, however, act as a complete preclusion of all claims appellant may have against GEICO and its privies, whether or not arising out of the same cause of action. It bars only claims involving the same cause of action. Appellant has not yet had even one bite as to the wrongful cancellation transaction.[4]

Accordingly, the judgment of the trial court is affirmed as to the first two claims and reversed as to the wrongful cancellation claim, and the case is remanded for further proceedings on that third claim.

*So ordered.*

---

**3.** On review of a grant of summary judgment and/or dismissal, this court must look at the evidence in the light most favorable to appellant. We therefore consider the cancellation of the insurance policy as based upon retaliation for appellant's first lawsuit against GEICO. The result would be the same even if we were to consider GEICO's purported reasons for cancelling the policy, because nonpayment of premiums is also a separate factual nucleus.

**4.** GEICO argues that because appellant's policy was cancelled approximately one year before the trial took place in his first action against GEICO, appellant could have amended his complaint in that action to include the wrongful cancellation claim. While it might be true that appellant *could* have made a motion to amend his complaint to include the wrongful cancellation claim, the issue before this court is whether appellant was *required* to make such a motion at the risk of having later litigation on the claim barred by *res judicata*. Because we find that appellant's wrongful cancellation claim is not based on the same cause of action as appellant's first action against GEICO, we need not rule on the issue of whether a plaintiff must seek to amend a complaint to include claims arising or discovered after the lawsuit was filed, if indeed the later claim *is* in fact based upon the same cause of action as the already pending claim. To the extent that appellant asserts that his fraud claim falls within the latter category, he is bound by the outcome in his litigation against Miller.