## SUNDHOLM v. INLAND STEEL CONTAINER CO.

### Civil Action No. 3255.

District Court, D. New Jersey.
Sept. 11, 1946.

Starr, Summerill & Lloyd, by S. Lewis Davis, all of Camden, N. J. (Leonard L. Kalish, of Philadelphia, Pa., of counsel), for plaintiff.

Wycoff & Lanning, of Trenton, N. J., (James D. Howson, of Philadelphia, Pa., and Glenn S. Noble, of Chicago, Ill., of counsel), for defendant.

MADDEN, District Judge.

This matter comes before the court on the plaintiff's motion to strike out paragraph "2" of the defendant's counterclaim, on the ground "that the allegations therein contained do not relate to the cause of action presented by the counterclaim (nor to the cause of action presented by the complaint) and the facts alleged in said paragraph '2' cannot, in any event, either support defendant's counterclaim nor defeat plaintiff's complaint."

The matter was argued on March 1, 1946, and decision was reserved pending the receipt of brief which plaintiff's counsel requested leave to file. Such brief has not been filed and the court will have to consider the matter and determine the same without waiting any longer.

The plaintiff's suit is for declaratory judgment with respect to the rights of the plaintiff and defendant as to a certain patent owned by the defendant. The plaintiff alleges that the defendant has notified certain customers and prospective customers of the plaintiff, that the plaintiff was infringing the defendant's patent. Plaintiff contends that the article (steel containers and particularly steel pails) does not infringe the defendant's patent and further contends the patent of defendant is invalid. Plaintiff also brings suit for damages caused by the alleged unfair competition.

The defendant, by way of answer, pleads the validity of its patent and alleges infringement of the same by plaintiff, and, in the counterclaim, seeks damages from the plaintiff for his alleged infringement.

Paragraph "2" of the counterclaim is as follows:

"2. That the defendant (previously known as Wilson & Bennett Manufacturing Company) has been engaged in the manufacture of steel containers and particularly steel pails of the character set forth in the Bill of Complaint for many years, and was substantially the first company to make steel pails such as those of about five gallons capacity, adapted for shipping combustible materials such as mixed paints or the like, without having to be crated, these original containers having been covered by its patent to Wilson No. 1,270,758, June 25, 1918; that subsequent to its introduction of such sheet steel cans or pails, defendant has at all times endeavored to improve its products and to provide more efficient and satisfactory containers and has established a lucrative business and is well known throughout the United States, and one of its principal assets is the good will which it has established throughout the country; that in furthering its business, it has developed many improvements and inventions relating to such containers."

█ It will be noted that one of the important facts pleaded, if not the only important fact in paragraph "2," is the establishment of the good will by the defendant in its product. This most certainly is the proper subject for discussion, evidence and consideration in a matter concerning alleged unfair competition.

█ While the paragraph in question might not be as concise as planned by the framers of the Federal Rules of Civil Procedure, nevertheless, to strike the same would, in the court's opinion, violate that part of the rules which says, "All pleadings shall be so construed as to do substantial justice." Federal Rules of Civil Procedure, rule 8(f), 28 U.S.C.A. following section 723c.

It is therefore the opinion of the court that the paragraph complained of should stand and the motion is therefore accordingly denied.