## BACKUS v. VETERANS COOPERATIVE HOUSING ASS'N.

### No. 1330.

Municipal Court of Appeals for the District of Columbia.

Argued April 13, 1953.

Decided May 14, 1953.

---

Joseph S. Gullo, Washington, D. C., for appellant.

James R. Worsley, Jr., Washington, D. C., with whom Robert A. Irwin, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is a suit for breach of contract to redecorate an apartment. In the latter part of 1948, appellant Backus applied for and was granted membership with appellee Association in order to purchase a co-operative apartment. Appellant expressed his desire for a two bedroom apartment to one Kreimann, who represented appellee. On November 27, 1948, appellant and his wife met with Kreimann who informed them that no two bedroom apartments were available at that time. However, Kreimann showed them the only available one bedroom apartment, No. A-405, and suggested that appellant occupy it until a two bedroom apartment became available, probably within 90 days. After some discussion as to the effect of this temporary occupancy on appellant's privileges of redecoration of a two bedroom apartment that he ultimately desired, Kreimann reduced to writing an agreement which provided:

"1. Your name will be added to the two bedroom waiting list as of this date. * * *

"2. On vacating A-405, you will be responsible for placing the apartment in a condition equivalent to its condition at the time of your initial occupancy.

\* \* \* \* \* \*

"4. On moving into the two bedroom apartment VCHA [appellee] will bear the expense of redecoration except for changes of color or anything beyond the standard redecorating job."

Appellant then signed a contract for the purchase of the one bedroom apartment, No. A-405, which he subsequently occupied for nearly three years. The trial court found that in a technical sense appellant had been owner-occupant for nearly one year and tenant-occupant for the balance of

the period. This was because slightly less than a year after appellant purchased No. A-405 he contracted to buy an undesignated two bedroom apartment and three months later contracted to buy a designated two bedroom apartment from which the occupant thereafter refused to move. The trial court reasoned that from the date of the contract for the undesignated apartment and thereafter appellant's status in No. A-405 was transformed from that of an owner into that of a tenant because appellee had a rule that no member could own more than one apartment.[1] Finally after nearly three years occupancy in the one bedroom apartment, No. A-405, appellant contracted to buy a two bedroom apartment, No. B-358, and received possession thereof. Thereupon he demanded the standard redecoration provided for in the written agreement of November 27, 1948, and appellee, referring to paragraph two of that agreement, conditioned the requested redecoration upon appellant's restoring No. A-405 to a condition equivalent to that of his initial occupancy. Appellant refused to bear the cost of renovating No. A-405 and sued for breach of contract. The trial court found appellant was (1) entitled to the standard redecoration of No. B-358 at the cost of $170, and (2) obligated to redecorate No. A-405 at the cost of $150. Accordingly appellant was awarded judgment for the difference between the two sums—$20.

Appellant argues that the finding that he was obligated to redecorate No. A-405 at the cost of $150 is against the weight of the evidence. He contends that Kreimann's oral statement that the two bedroom apartment would probably be available within 90 days was intended by the parties as a condition of the written agreement of November 27, 1948. Therefore, appellant reasons, his obligation to restore the condition of No. A-405 accrued 90 days after his initial occupancy. He concludes that appellee's failure to provide him with a two bedroom apartment within 90 days made performance of his obligation impossible. In support of this theory appellant relies on the testimony of his wife and himself that his obligation upon vacating No. A-405 to restore it to a condition equivalent to that of his initial occupancy was explained by Kreimann to mean removal of smudges and spots and a general cleaning by appellant when he moved within 90 days. He also relies upon Kreimann's testimony admitting he very likely stated that a two bedroom apartment would become available within 90 days.

Appellant is not attempting to rescind the agreement because of a fraudulent misrepresentation. He is asking us to hold that Kreimann's oral promise of probable occupancy within 90 days was intended by the parties as a condition of his obligation under the written agreement of November 27, 1948. The intention of parties to a contract is a question for the trier of fact. The burden of establishing the terms of a contract rests upon the party suing thereon. From the memorandum opinion of the trial court it is apparent that the court considered the evidence of the oral statements by Kreimann concerning occupancy of a two bedroom apartment within 90 days and concluded that appellant failed to carry his burden of establishing that the 90-day provision was definitely intended by the parties as a condition of appellant's obligation to renovate. The written agreement provided that appellant's name would be added to the "two bedroom waiting list." This indicates that the parties contemplated an indefinite period before a two bedroom apartment would become available. An absolute guarantee of occupancy within 90 days was inconsistent with an indefinite waiting period. We point this out to show that this issue was one of fact to be determined below, and we cannot say that determination was against

1. Because we have no rules or by-laws of appellee Association before us we do not consider whether the contract for an undesignated apartment was definite enough to make appellant owner of an additional apartment or whether if at any time after appellant could not get possession of the designated two bedroom apartment his status in No. A-405 reverted to that of owner.

the weight of the evidence as a matter of law.

Appellant seizes upon the trial court's finding that he occupied No. A-405 as owner for nearly one year, and as tenant thereafter. He contends that the written agreement was made in contemplation of his occupancy of No. A-405 as owner until a two bedroom apartment became available, and therefore he would not be liable to redecorate for the period he occupied as tenant. However, we cannot read into the unequivocal provision of the written agreement—"On vacating A-405" appellant would be responsible for restoring its condition—the qualification that he must be the owner-occupant.

Finally, appellant contends that the trial court was in error in allowing appellee to recover $150 for redecoration of No. A-405 when appellee did not file a counterclaim but designated as a defense appellant's obligation to restore the condition of No. A-405. We think Municipal Court Civil Rule 8(c) was designed to cover a situation such as this. That rule provides in part, "When a party has mistakenly designated * * * a counterclaim as a defense, the Court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." Aside from this we think appellant was put on notice of the issues involved notwithstanding the faulty designation in the pleadings. Counsel's own words in summing up his case to the trial court were:

> "Your honor, the main issues involved in this case are reduced to two parts: One, does defendant owe plaintiff the cost to redecorate apartment B-358, the one he now occupies; and, second, does plaintiff owe defendant the cost of decorating apartment A-405, the one he occupied * * *."

This was a clear recognition by counsel that the claims of both parties were before the court for determination.

Affirmed.