**J. C. WRIGHT, Appellant,**

v.

**Harold F. McCANN, Appellee.**

**No. 1767.**

Municipal Court of Appeals for the District of Columbia.

Argued March 26, 1956.

Decided April 27, 1956.

D. Carroll McGean, Washington, D. C., for appellant.

James F. McHale, Arlington, Va., for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

This was a suit for the value of labor and materials furnished in connection with certain house repairs. A trial by the court, sitting without a jury, resulted in a finding and judgment for defendant.

Plaintiff testified that he was employed by defendant, who operated a convalescent home in nearby Maryland, to make repairs to the electrical fixtures; that he started work on March 24, 1954; and that there was no written or oral agreement fixing the amount he was to be paid for his services. He further testified that he received no remuneration other than fifty dollars which

had been advanced to him by the supervisor of the home. He also testified that on March 27, "because it would be more convenient," he moved into the home without the knowledge or consent of the defendant and remained until August 21, 1954. On cross-examination it was developed that he paid nothing for room and board and that the repairs he made amounted to no more than fixing some light sockets which were faulty, adjusting certain dresser drawers which were sticking, installing a window fan in the kitchen, and repairing a wheel chair for a patient. Another witness testified that the patient reimbursed plaintiff for this latter service.

Defendant testified that he hired plaintiff to do some repair work but did not contemplate plaintiff's taking up residence in the home. When informed of this defendant told the supervisor that plaintiff would have to leave and after receiving complaints from patients, he repeated his demands, but to no avail. As a last resort he discharged the supervisor and they both departed. He further testified that the work he authorized plaintiff to undertake was of the value of about twenty dollars; that plaintiff never paid anything for his room and board; and that instead of his owing plaintiff, plaintiff owed him. He concluded his testimony with the statement that during October he received an unitemized bill for approximately $2,400, which he considered ridiculous and ignored. The trial court ruled that the value of the room and board over the five-month period equaled or exceeded the value of the services performed by plaintiff.

■ Plaintiff first contends that the court erred in denying his motion to strike defendant's answer, which was obviously home-drawn, at the beginning of the trial on the ground that defendant had failed to comply with Municipal Court Rule 8(b). Rule 8(b) requires that:

"A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. * * *"

Plaintiff also argues that defendant's answer does not comply with the form of pleadings prescribed in Municipal Court Rule 10.[1] The object of pleadings is to reasonably apprise the opposing party of the claim or defense that he must be prepared to meet.[2] Here, the answer in substance alleged that the work should have been completed in four or five days; that plaintiff took up residence at the home and made no payment for his room and board; and that defendant suffered a loss of income because several patients left the home as a result of plaintiff's conduct. While it is true that the answer was verbose and set forth in greater detail than necessary the defense, we think to have stricken it would have violated the part of the rule which states that "All pleadings shall be so construed as to do substantial justice." Municipal Court Rule 8(f).[3]

■ Plaintiff next contends that the court erred in allowing defendant's answer to be considered as setting forth a plea of setoff. A setoff is a partial or entire defense, affirmative in nature, to an action for damages and as such must be pleaded.[4] It should inform the plaintiff with reasonable certainty of the particulars of the demand which he is called upon to defend. An examination of defendant's answer

1. Municipal Court Rules 8 and 10 are substantially the same as Rules 8 and 10 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

2. United States Plywood Corp. v. Hudson Lumber Co., D.C.S.D.N.Y.1955, 17 F.R.D. 258; United States v. Johns-Manville, D.C.N.D.Ill.1941, 1 F.R.D. 548; Mansfield Journal Co. v. Federal Communications Comm., 86 U.S.App.D.C. 102, 180 F.2d 28.

3. Sundholm v. Inland Steel Container Co., D.C.D.N.J.1946, 5 F.R.D. 507; see also 2 Moore's Fed.Practice (2d ed. 1948), §§ 8.19 and 8.34.

4. 2 Moore's Fed. Practice (2d ed. 1948), § 8.27, p. 1697; Chicago Great Western Ry. Co. v. Peeler, 8 Cir., 140 F.2d 865; Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691.

fails to convince us that this requirement is lacking. Although defendant did not entitle his pleading as setoff, the facts alleged determine its character.[5] We think plaintiff was sufficiently apprised of the nature of the defense. Even if we assume that defendant failed to set forth the defense adequately in his pleadings, the statement of proceedings and evidence fails to reveal that plaintiff was surprised or that any objection was interposed to the introduction of evidence in support of the defense.[6] Plaintiff well knew that he was an uninvited guest for some five months and surely could not have expected to be housed and fed for that period without payment.

Affirmed.

5. Backus v. Veterans Cooperative Housing Ass'n, D.C.Mun.App., 96 A.2d 513; Hornbeck v. Dain Mfg. Co., D.C.S.D. Iowa, 1947, 7 F.R.D. 605; see also 47 Am.Jur., Setoff and Counterclaim, § 95.

6. Joyce v. L. P. Steuart, Inc., D.C.Cir., 227 F.2d 407; American Casualty Co. of Reading, Pa. v. Morris, D.C.W.Va., 51 F.Supp. 889, affirmed Simon v. American Casualty Co., 4 Cir., 146 F.2d 208; Woods v. Graf, D.C.N.Y., 84 F.Supp. 893; Sutcliffe Storage & Warehouse Co. v. United States, 112 F.Supp. 590, 125 Ct. Cl. 297; Tillman v. National City Bank of New York, 2 Cir., 118 F.2d 631, certiorari denied 314 U.S. 650, 62 S.Ct. 96, 86 L.Ed. 521; cf. Lopez v. United States Fidelity & Guaranty Co., D.C.Alaska 1955, 18 F.R.D. 59.