William E. OWEN, Appellant,

v.

William H. SIMONS, Appellee.

No. 1948.

Municipal Court of Appeals for the
District of Columbia.

Argued March 5, 1957.

Decided July 1, 1957.

William E. Owen, Washington, D. C., appellant, pro se.

Maurice Friedman, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from an order granting appellee's motion for summary judgment in a suit brought by appellant, an attorney, for counsel fees.

Appellant filed a suit in the United States District Court on behalf of a minor, through his mother as next friend, for support from the father. The complaint in that action included a prayer that counsel fees be permitted and a judgment was entered dismissing the complaint with prejudice. Thereafter, appellant filed a motion in the District Court for counsel fees in the sum of $1,050 and the following order denying the motion *inter alia* was entered:

"Upon consideration of the Motion for Counsel Fees filed herein * * * and the points and authorities in support of and in opposition to said * * [motion]; and it appearing to the satisfaction of the Court: that the Complaint filed herein by the plaintiff included a claim for counsel fees in connection with the above-entitled cause, that said Complaint was finally dismissed with prejudice, and after argument of counsel in open Court, it is * * *

"Ordered, that said Motion for Counsel Fees filed herein * * * be and the same [is] * * * denied."

Appellant then instituted a common-law action against the father for "necessaries" in the Municipal Court to recover the fees. A motion for summary judgment supported by affidavit was filed by appellee. The motion was granted and appellant's subsequent motion to reconsider was denied. This appeal followed.

Appellee has moved to dismiss this appeal contending that it is taken from the order of January 8, 1957, denying appellant's motion to reconsider the order granting summary judgment, dated November 30, 1956. It is argued that a motion to reconsider is not an appealable order and that this motion does not extend the time for appeal from the granting of summary judgment.

A motion to reconsider is not an appealable order; however, where it is apparent that the appeal was intended to be taken from the order granting summary judgment, we may treat it as such.[1] The notice of appeal should have stated the summary judgment as the order appealed from, rather than the order denying the motion to reconsider. Since the latter motion was seasonably filed, the time period for appealing the order granting summary judgment would not run until disposition of the motion to reconsider. Appellee's motion to dismiss this appeal must accordingly be denied.

Turning to the matter before us, the original suit brought in the United States District Court for support of a minor against his father was dismissed with prejudice following an agreement entered into by the parties. A dismissal of this nature implies a decision on the merits either after an adjudication of a right or pursuant to

---

1. Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782; Diatz v. Washington Technical School, D.C. Mun.App., 73 A.2d 227, affirmed Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26.

an agreement between the parties.[2] The matter of counsel fees was in issue in that appellant included a prayer in the complaint that his fees be permitted and clearly that court had jurisdiction to award counsel fees.[3] It appears that the dismissal with prejudice disposed of all matters of relief of which that court had jurisdiction, although the transcript in that action and the agreement are not before us.

■ Pursuing the matter further, following the dismissal of the case appellant filed a motion for counsel fees in the District Court which was denied. At this point appellant was representing his own financial interest in the case and by the motion he placed the issue squarely before the court for its consideration. A full hearing was accorded appellant, points and authorities were submitted, and as between appellant and appellee it must be ruled that the specific issue of counsel fees was affirmatively raised and adjudicated. A judgment is not only conclusive as to relief granted, but as to relief denied.

In bringing an independent action for "necessaries" against appellee in the Municipal Court, appellant became subject to the doctrine of collateral estoppel. Under this principle, in a subsequent action between the parties on a different claim, the judgment is conclusive as to issues raised in the subsequent action if those issues were actually raised and litigated in the prior action.[4] It is not necessary under this principle that there be an identity of parties in the second action so long as the specific issue has been actually litigated as between the two persons in the earlier suit.[5] Appellant, although not a technical party in the

original suit, was openly and actively and in respect of his own interest protecting that interest by his prayer for counsel fees and by his motion for fees. He is therefore bound by the judgment and his proper remedy was to appeal the denial of the motion for counsel fees, rather than the bringing of an independent action in this court. In view of the foregoing, we affirm the trial court's order granting summary judgment.

■ One further point remains for discussion. Appellant contends that he was not accorded a hearing on the motion for summary judgment and that as a result he was prejudiced by the "peremptory" disposition of the case. At the conclusion of the pre-trial hearing, the court ruled that appellee was entitled to summary judgment on the ground that the complaint did not state a claim on which relief could be granted. The motion was thereafter filed by appellee and appellant was given leave of five days to file written opposition in accord with Rule 56(c), Municipal Court Civil Rule. Appellant neither filed written opposition nor requested an additional hearing. Rule 56(c) provides:

" * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

We do not think appellant was prejudiced in view of the fact that he was put on notice that the motion would be submitted; upon receipt of it he offered no opposition

2. Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d 807; Mars v. McDougal, 10 Cir., 40 F.2d 247, certiorari denied 282 U.S. 850, 51 S.Ct. 28, 75 L.Ed. 753.

3. Simonds v. Simonds, 81 U.S.App.D.C. 50, 154 F.2d 326, 13 A.L.R.2d 1138; Melvin v. Melvin, 76 U.S.App.D.C. 56, 129 F.2d 39; Cf. Pedersen v. Pedersen, 71 App. D.C. 26, 107 F.2d 227.

4. See Restatement, Law of Judgments, § 45 (1942); 2 Freeman on Judgments (5th ed.), § 627, p. 1323. See also Cleary, Res Judicata Re-examined, 57 Yale L.J. 339 (1948); Scott, Collateral Estoppel by Judgment, 56 Harv.L.Rev. 1 (1942).

5. Missouri v. Chicago, B. & Q. R. Co., 241 U.S. 533, 36 S.Ct. 715, 60 L.Ed. 1148; 2 Freeman, § 631, supra, note 4.

and requested no hearing; and subsequent to the granting of summary judgment appellant filed written opposition to the granting of the motion with his motion to reconsider, which the court weighed and denied.

Affirmed.