James E. HERNANDEZ,
Plaintiff-Appellant,

v.

CITY OF LAFAYETTE, et al.,
Defendants-Appellees.

No. 80–3160.

United States Court of Appeals,
Fifth Circuit.
Unit A

June 30, 1981.

John G. Torian, II, Michael G. Durand, Lafayette, La., for plaintiff-appellant.

Ross, Hardies, O'Keefe, Babcock & Parsons, Wendy U. Larsen, Charles L. Siemon, Richard F. Babcock, Chicago, Ill., for City of Lafayette.

ON PETITION FOR REHEARING

Before GOLDBERG, REAVLEY and TATE, Circuit Judges.

PER CURIAM:

On petition for rehearing, appellees bring to this court's attention that on April 16, 1981, the Louisiana Third Circuit Court of Appeals reversed the judgment of the state trial court referred to in our opinion in this case, *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1191 n.4 (5th Cir. 1981), and ordered that Mr. Hernandez' state court suit against the City of Lafayette be dismissed with prejudice. *Hernandez v. City of Lafayette*, 399 So.2d 1179 (La.App., 3d Cir. 1981).

The Louisiana appellate court held, *inter alia*, that the city's R1–A zoning classification of plaintiff's land did not deprive plaintiff of all practical use of his property and that, therefore, the city's denial of a change in zoning was not unreasonable, arbitrary or a denial of due process of law. Appellees argue that further consideration of plaintiff's claims in federal court are barred either by res judicata or the related doc-

trine of collateral estoppel, citing *Allen v. McCurry,* —— U.S. ——, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) and *Jennings v. Caddo Parish School Board,* 531 F.2d 1331 (5th Cir. 1976).

We note that our decision in this case held only that, on the record before us, there were genuine issues of material fact as to whether the R1–A zoning classification of plaintiff's land denied him any viable economic use thereof and that it was, therefore, improper for the district court to render summary judgment in the city's favor. Res judicata is an affirmative defense, *see* Fed.R.Civ.P. 8(c), and must be pleaded in the trial court. Therefore, our prior opinion in this case should not be read to preclude assertion of the affirmative defenses of res judicata and collateral estoppel on remand to the district court. This statement should not, however, be read as an opinion by this court as to the legal validity of those defenses in this case.

Appellees also bring to our attention that we incorrectly stated that the ordinance which would have rezoned plaintiff's land to a B1–0 classification was "unanimously" passed by the city council.

IT IS ORDERED that the petition for rehearing is hereby DENIED.