*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

No. 12-CV-608

U.S. BANK, N.A., APPELLANT,

V.

1905 2ND STREET NE, LLC *ET AL.*, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB 6205-10)

(Hon. Craig Iscoe, Trial Judge)

*Michael S. Steadman*, with whom *Michael N. Russo* was on the brief, for appellant.

*Patrick J. Kearney*, with whom *Michael J. Bramnick* was on the brief, for appellee 1905 2nd Street NE, LLC.

*Rawle Andrews Jr.* for appellee Wilson.

(Argued February 27, 2013                    Decided March 6, 2014)

Before BLACKBURNE-RIGSBY and BECKWITH, *Associate Judges*, and KING, *Senior Judge*.

BECKWITH, *Associate Judge*:  Appellant U.S. Bank appeals the partial grant of appellee 1905 2nd Street NE, LLC's motion for summary judgment in what is essentially a competition of claims in title interest to property previously owned by Calvert Wilson at 1905 2nd Street N.E. in the District of Columbia.  The trial court granted U.S. Bank's motion for summary judgment in part and denied it in part,

granting summary judgment to appellees Calvert Wilson and 1905 2nd Street NE, LLC (1905 LLC), on three of U.S. Bank's claims based on res judicata. While the question of law underlying appellant's claims is related to the subject of prior litigation, U.S. Bank has not been involved in any of those prior lawsuits, and was not a party in privity as required for res judicata to apply. We therefore reverse the trial court's grant of summary judgment on the quiet title, equitable lien, and equitable mortgage counts and remand so that the trial court may consider the merits of U.S. Bank's claims.

## I.

In 1996, Calvert Wilson acquired fee simple title interest in residential real property located at 1905 2nd Street N.E. and financed the purchase through a mortgage with Summit Mortgage Group. After a series of assignments, Mr. Wilson's debt was ultimately held by ABN AMRO Mortgage Group, Inc. (ABN AMRO). In 2001, Wilson's personal finances grew strained and he filed for personal bankruptcy. In 2004, ABN AMRO initiated foreclosure proceedings against him.

At this time, sales representatives from a company called Home Savers, LLC (sometimes called Home Savers, Plus, LLC) approached Mr. Wilson about foreclosure rescue arrangements. Managed by Barrett Ware and others, Home

Savers creates subsidiary limited liability corporations in order to buy and sell real property. According to deposition testimony, Home Savers, through its subsidiary 1905 LLC, suggested a buy-back rescue arrangement in which Mr. Wilson would sell the property to 1905 LLC, avoid foreclosure, and eventually buy the property back from the company. Mr. Wilson vehemently declined this arrangement, insisting that he was unwilling to sell his property. After multiple assurances that he would not be selling his property, however, Mr. Wilson accepted 1905 LLC's second suggested arrangement, which 1905 LLC characterized as an equity sharing agreement. Under this arrangement, 1905 LLC paid the outstanding arrears on the property to avoid foreclosure, which amounted to $30,535.14. Mr. Wilson signed a deed (the foreclosure rescue deed) placing title interest in the property in 1905 LLC, and the company agreed to hold the deed in escrow unless and until Mr. Wilson was unable to obtain a refinance loan of at least $230,000 within sixty days and pay 1905 LLC $122,656.07 of that sum. If Mr. Wilson did not refinance and pay the company within sixty days, the parties agreed that 1905 LLC would record the deed. 1905 LLC granted Mr. Wilson a number of extensions, both in writing and verbally, while Mr. Wilson sought refinancing beyond the sixty-day window.

Throughout that time period, Mr. Wilson attempted to find a lender to refinance his home. Eventually, he obtained a refinance loan from New Century Mortgage Company (New Century), U.S. Bank's predecessor in interest, in the

amount of $262,000. In exchange, Mr. Wilson granted a deed of trust interest against his home, giving New Century a security interest in the property. This deed was signed on November 7, 2005, but New Century did not record the deed until November 16, 2005. On November 9, 2005, however—seven days prior to the recording of New Century's deed—1905 LLC recorded its foreclosure rescue deed, believing that Mr. Wilson would not be able to secure refinancing. Shortly after Mr. Wilson obtained refinancing through New Century, he saw a paper on the door of his house stating that 1905 LLC owned the property.

In January 2006, Mr. Wilson filed a lawsuit in United States District Court against 1905 LLC and its two sales representatives challenging the validity of the foreclosure rescue deed. *Wilson v. Home-Savers, LLC, et al.*, Case Number 06-0069 (JDB) (D.D.C. April 24, 2006). Mr. Wilson argued that the foreclosure rescue deed was invalid because it was signed during the pendency of Mr. Wilson's bankruptcy proceedings. Because that claim arose under the Bankruptcy Code (11 U.S.C § 101 *et seq.*), U.S. District Court Judge John Bates issued an order referring it to the U.S. Bankruptcy Court. In August 2006, U.S. Bankruptcy Judge S. Martin Teel, Jr., ruled that the deed was valid under bankruptcy law because at the time that the foreclosure rescue deed was signed, the property was vested in Mr. Wilson, not the bankruptcy estate, and Mr. Wilson could therefore transfer interest in the property. On October 30, 2006, after the remaining claims

were referred back to U.S. District Court, Mr. Wilson voluntarily dismissed the remaining claims.

Mr. Wilson then brought a new action in D.C. Superior Court challenging the validity of the foreclosure rescue deed. *Wilson v. Home-Savers Plus, LLC, et al.*, Civil Action No. 06 CA 8081 (D.C. Sup. Ct. Dec. 16, 2008). Superior Court Judge Natalia Combs Greene, citing principles of res judicata, determined that most of Mr. Wilson's claims had been conclusively adjudicated and decided by Judge Teel in the Bankruptcy Court and that Mr. Wilson waived his opportunity to litigate the remaining claims when he voluntarily dismissed those claims in the District Court. *Id.* Mr. Wilson did not appeal that ruling.

In the present case, U.S. Bank sued both Mr. Wilson and 1905 LLC in Superior Court, challenging the validity of the foreclosure rescue deed, claiming title, and seeking contract damages.[1] U.S. Bank moved for partial summary

---

[1] Specifically, U.S. Bank's Second Amended Complaint lists the following six counts:

1. Quiet title;
2. Declaratory judgment—equitable lien;
3. Declaratory judgment—equitable subrogation;
4. Declaratory judgment—equitable mortgage;
5. Unjust enrichment; and
6. Breach of contract.

(continued…)

judgment on counts 3 through 6, and 1905 LLC moved for summary judgment on all counts, arguing that Mr. Wilson was not the owner of the property and did not have the authority to grant a deed of trust to U.S. Bank. Superior Court Judge Craig Iscoe granted summary judgment in favor of U.S. Bank on the counts of equitable subrogation (count 3), unjust enrichment (count 5), and breach of contract (count 6). Relying on Judge Combs Greene's order from the proceedings between Mr. Wilson and 1905 LLC, which held that the validity of the foreclosure rescue deed had been conclusively litigated in the Bankruptcy Court, Judge Iscoe granted summary judgment to 1905 LLC on counts 1, 2, and 4, holding that principles of res judicata barred U.S. Bank's challenge to the validity of the foreclosure rescue deed. U.S. Bank appeals the partial grant of summary judgment to 1905 LLC on these counts.[2]

## II.

We review the denial of summary judgment de novo. *Jones v. Thompson*,

---

(…continued)
The trial court's order mistakenly omits equitable mortgage (count 4) in that part of the order entering final judgment, although it does address all six claims in its discussion. For clarity, we will address the counts here as numbered in U.S. Bank's Second Amended Complaint.

[2] Because no counter-appeal was filed, the three counts on which the trial court granted summary judgment in favor of U.S. Bank—equitable subrogation, unjust enrichment, and breach of contract—are not before us.

953 A.2d 1121, 1124 (D.C. 2008). Similarly, "[w]hether the trial court correctly applied res judicata principles to the facts of this case is a legal issue that we decide de novo." *Shin v. Portals Confederation Corp.*, 728 A.2d 615, 618 (D.C. 1999). Res judicata bars "relitigation of the same cause of action between the original parties or those in privity with them" when there has been "a prior judgment on the merits." *Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 473 (D.C. 1983).

"Privity has been described as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Carr v. Rose*, 701 A.2d 1065, 1075 (D.C. 1997) (internal citations and quotation marks omitted). "Traditional categories of privies include 'those who control an action although not parties to it . . .; those whose interests are represented by a party to the action . . .; [and] successors in interest.'" *Patton v. Klein*, 746 A.2d 866, 870 (D.C. 1999) (quoting *Carr v. Rose*, 701 A.2d at 1075 (internal citations and quotation marks omitted) (alteration in original)). *See also Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. 1989) ("A privy is one so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case.").

For res judicata to apply to U.S. Bank's claims regarding the foreclosure

rescue deed, U.S. Bank must be a party in privity with Mr. Wilson. Because U.S. Bank's relationship with Mr. Wilson does not constitute any of the traditional categories of privity—U.S. Bank did not control any of Mr. Wilson's prior litigation over the validity of the foreclosure rescue deed, Mr. Wilson did not represent U.S. Bank's interests in his prior litigation, and U.S. Bank is not Mr. Wilson's successor in interest—the trial court misapplied the doctrine of res judicata.

Because U.S. Bank is not in privity with Mr. Wilson, the bankruptcy court order and Mr. Wilson's voluntary dismissal of his predatory lending claims in federal court do not bar U.S. Bank's claims in this case. In granting summary judgment based on res judicata, the trial court erred in assuming or overlooking privity.[3]

---

[3] U.S. Bank also argues that res judicata cannot apply because the validity of the foreclosure rescue deed was not previously litigated. We reverse and remand based only on the lack of privity, however, as res judicata, unlike collateral estoppel, does not require actual litigation on the merits to bar a claim. *See Modiri v. 1342 Rest. Grp., Inc.*, 904 A.2d 391, 395 (D.C. 2006) (holding that the "foundational requirements of collateral estoppel" include that the precluded issue was actually litigated); *Shin v. Portals Confederation Corp.*, 728 A.2d at 618 ("The [res judicata] doctrine bars relitigation not only as to every ground of recovery or defense actually presented in the action, *but also as to every ground which might have been presented.* . . . A dismissal without prejudice does not forever protect a claim from dismissal in a later proceeding on the ground of res judicata.") (internal citations and quotation marks omitted; emphasis in original). While Mr. Wilson,

(continued…)

Accordingly, we reverse the portions of the trial court's partial grant of summary judgment in favor of 1905 LLC and Mr. Wilson that rely on res judicata in determining that that the foreclosure rescue deed is valid. We remand to permit the court to consider the merits of U.S. Bank's claims on count 1 (quiet title), count 2 (equitable lien), and count 4 (equitable mortgage).[4]

*So ordered.*

---

(…continued)
who voluntarily dismissed his remaining claims regarding the validity of the foreclosure rescue deed without prejudice in the U.S. District Court, might be barred from relitigating that issue, U.S. Bank was not in privity with Mr. Wilson in those proceedings and is therefore not so barred.

[4] U.S. Bank requests that we issue a declaration that the foreclosure rescue deed was an equitable mortgage rather than a valid deed, as well as a declaration that U.S. Bank secures a valid lien against the property in the amount of $262,000. While we conclude that the trial court's grant of summary judgment to the defendants on counts 1, 2, and 4 was in error, we decline to reach the merits of these contentions, and leave those questions to be answered by the trial court in a manner consistent with the reasoning above.