**GROUP HEALTH ASSOCIATION, INC., Appellant,**

v.

**Lilia M. REYES, et al., Appellees.**

No. 95–CV–212.

District of Columbia Court of Appeals.

Argued Feb. 6, 1996.
Decided Feb. 27, 1996.

James P. Gleason, with whom Nancy B. McKeown, Rockville, MD, was on the brief, for appellant.

Harlow R. Case, with whom Jack H. Olender, Washington, DC, was on the brief, for appellees.

Before FERREN, STEADMAN, and RUIZ, Associate Judges.

FERREN, Associate Judge:

A jury awarded appellees Lilia M. Reyes and Andres Hernandez–Amor $2,100,000 in damages in their suit for negligence and loss of consortium against Group Health Association, Inc., a health maintenance organization. Group Health's liability was based solely upon the theory of respondeat superior—*i.e.*, upon the failure of one of its employees, Dr. Karen Bledsoe, to make a timely diagnosis

and provide timely treatment of Reyes' colon cancer. Group Health contends on appeal that, because appellees had voluntarily dismissed with prejudice all claims against Dr. Bledsoe, the trial court erred in refusing to grant its motions for a directed verdict and judgment notwithstanding the verdict. We affirm.

## I.

■ Plaintiffs-appellees brought this lawsuit originally against both Dr. Bledsoe and Group Health. For tactical reasons, plaintiffs voluntarily dismissed all claims against Dr. Bledsoe with prejudice before trial. *See* Super.Ct.Civ.R. 41(a). Plaintiffs, however, pursued the same claims against Group Health, premising liability exclusively on the theory of respondeat superior. At the close of all the evidence after a ten day trial, Group Health moved for a directed verdict on the ground that the dismissal of plaintiffs' claims against Dr. Bledsoe with prejudice had been a final adjudication on the merits, and that this adjudication accordingly served as a res judicata bar to plaintiffs' claims against Group Health because any liability would be derived wholly from fault attributable to Dr. Bledsoe. The trial court denied Group Health's motion, relying upon *Raskauskas v. Temple Realty Co.*, 589 A.2d 17 (D.C.1991), and later denied Group Health's motion for judgment notwithstanding the verdict. Without deciding whether Group Health's motions were properly denied under *Raskauskas*, we conclude that the court's rulings were ultimately correct for a different reason.[1]

■ Even if we assume that plaintiffs' voluntary dismissal of all claims against Dr. Bledsoe with prejudice was an adjudication on the merits,[2] Group Health's motions were properly denied because Group Health did not amend, or seek leave to amend, its answer to plead res judicata before trial as an affirmative defense. *See* Super.Ct.Civ.R. 15(a). Super.Ct.Civ.R. 8(c) requires a party to "set forth affirmatively ... res judicata." "[F]ailure to raise affirmative defenses constitutes a waiver of those defenses." *Goldkind v. Snider Bros., Inc.* 467 A.2d 468, 471 (D.C.1983) (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278 (1969)); *see Flippo Constr. Co. v. Mike Parks Diving Corp.*, 531 A.2d 263, 267 (D.C.1987) (noting failure to comply with Rule 8(c) results in waiver of affirmative defense). By raising the defense for the first time through a motion for directed verdict after all parties had presented their evidence at trial—not through a motion to amend the answer before trial once Dr. Bledsoe had been dismissed as a party—Group Health failed to comply with Rule 8(c), thereby waived the defense, and thus forever lost any possible res judicata bar. *See, e.g., Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985); *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 520–21 (9th Cir.1984).[3]

■ Group Health failed to qualify for any possible exception to this waiver rule. *See Osei–Kuffnor v. Argana*, 618 A.2d 712, 714–15 (D.C.1993) (permitting res judicata defense asserted pretrial but not in answer to complaint where no unfair surprise to nonmoving party); *Goldkind*, 467 A.2d at 471 (permitting res judicata and collateral estoppel defenses where nonmoving party on notice and issues briefed and argued); *Jackson v. District of Columbia*, 412 A.2d 948, 951–52 (D.C.1980) (permitting collateral estoppel defense where no prejudice resulted from failure to include in answer, because defense not available when answer was filed and parties

---

1. This court may affirm a decision for reasons other than those given by the trial court. *See Adams v. United States*, 502 A.2d 1011, 1015 n. 2 (D.C.1986); *Ibn–Tamas v. United States*, 407 A.2d 626, 635–36 (D.C.1979).

2. The United States Court of Appeals for the District of Columbia Circuit has decided on at least one occasion, where two parties dismissed with prejudice their claims against each other, that res judicata barred them from relitigating those claims. *See Burns v. Fincke*, 90 U.S.App.

D.C. 381, 382, 197 F.2d 165, 166 (1952). We do not decide whether the result in *Burns* is controlling on the facts presented here.

3. Super.Ct.Civ.R. 8(c) is identical to Fed.R.Civ.P. 8(c). We have previously determined that we may look to cases interpreting the federal rule as persuasive authority for interpreting an identically worded local rule. *See Vale Properties, Ltd. v. Canterbury Tales, Inc.*, 431 A.2d 11, 13 n. 3 (D.C.1981).

argued effect of prior judgment in submissions on summary judgment motion); *cf. Flippo*, 531 A.2d at 267 (permitting mistake and misrepresentation defenses at trial despite failure to plead in answer or counterclaim, where nonmoving party on notice); *Whitener v. Washington Metro. Area Transit Auth.*, 505 A.2d 457, 458–59 (D.C.1986) (permitting statute of limitations defense raised seven months after answer filed, where no prejudice to nonmoving party). Plaintiffs-appellees had no notice until all parties had rested that Group Health intended to raise a res judicata defense. Thus, plaintiffs had no opportunity before trial to move to correct the dismissal to one without prejudice or to demonstrate that the parties had agreed that plaintiffs could proceed against Group Health on a respondeat superior theory without any bar attributable to the dismissal of Dr. Bledsoe. If we were to rule for Group Health here, we would approve a blindside blow.

■ Group Health argues that it was not required to invoke the res judicata bar until the end of trial. It says it could not be sure going into trial whether plaintiffs were claiming, in addition to respondeat superior, an alternative theory of liability, such as negligent failure to supervise Dr. Bledsoe, that ultimately would save plaintiffs' case from dismissal based on res judicata. That argument basically says a defendant need not timely plead res judicata as a bar to plaintiffs' "theory one" if that defense would be inapplicable to "theory two." This contention cannot be correct because it effectively says a defendant need not answer count one within the time the rules require if the answer would not assuredly serve, in addition, as a defense to count two. Different counts or theories of recovery stand on separate footings under the rules, since a plaintiff may win on one while losing on the other. For that reason, Super.Ct.Civ.R. 8(b) requires a defense "to each claim asserted," plainly a requirement that each count or theory must be answered. *See Faulkner v. Government Employees Ins. Co. (GEICO)*, 618 A.2d 181, 183 (D.C.1992) (treating each of several counts distinctly for purposes of analyzing res judicata defenses); *Interdonato v. Interdonato*, 521 A.2d 1124 (D.C.1987) (same for

several affirmative defenses); *see also* BLACK'S LAW DICTIONARY 348 (6th ed. 1990) (defining "count" as "a separate and independent claim"). Group Health's argument, were it to prevail, would strip Rule 8(c) of much of its value in telling a plaintiff before trial on what defenses the defendant intends to rely.

Finally, it is important to underscore that the court system itself and parties to other litigation making a demand on its resources were prejudiced by a ten day trial that might have been unnecessary if Group Health had acted in a timely fashion. *See Perry v. Sera*, 623 A.2d 1210, 1219 (D.C.1993). Even if Group Health could have prevailed against any effort by plaintiffs to amend the dismissal of Dr. Bledsoe to read "without prejudice," it could have prevailed before trial and certainly no later than the end of the plaintiffs' case. But Group Health waited until the end of trial, extending prejudice to the system and third parties well beyond tolerable limits.

*Affirmed.*