**Will ANDERSON, Appellant,**

v.

**Fred THOMAS, Appellee.**

**No. 95–CV–747.**

District of Columbia Court of Appeals.

Submitted Sept. 16, 1996.

Decided Oct. 10, 1996.

Will Anderson, pro se.

Sidney R. Bixler, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporate Counsel, Robert R. Rigsby, Deputy Corporation Counsel, Rosalyn Calbert Groce, Chief, Criminal Appeals Section, were on the brief, for appellee.

Before SCHWELB and KING, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

Will Anderson challenges the dismissal of his complaint seeking an order compelling the Metropolitan Police Department ("MPD") to comply with his District of Columbia Freedom of Information Act ("DC–

FOIA")[1] request. Anderson contends that the court erred in ruling that it lacked jurisdiction to entertain this action. Because we conclude that the trial court erred in dismissing on that ground and because the record is not sufficiently complete to resolve the issue presented on any other ground, we reverse and remand.

Anderson was tried and convicted in the United States District Court for the District of Columbia of armed bank robbery in violation of federal law. In connection with the investigation in that case, Anderson appeared in a lineup conducted by the MPD which was observed by some prospective witnesses. After his conviction, Anderson filed a DC–FOIA request with the MPD for the names of witnesses attending the lineup, as well as the results of the lineup. The MPD denied his request on the ground that the information requested was exempt from disclosure pursuant to D.C.Code § 1–1524(a)(3)(D) (1992 Repl.).[2]

After Anderson's appeal to the mayor was dismissed by the mayor's office, he brought the instant action in the Superior Court. The District of Columbia ("District") then moved to dismiss the complaint or in the alternative for summary judgment. The trial court granted the defendant's motion to dismiss, ruling that Anderson's DC–FOIA request must be adjudicated in federal court.[3] This appeal followed.

In its brief in this court, the District concedes that the trial court erred "in finding that it lacked jurisdiction" to rule on Anderson's DC–FOIA request.[4] That concession is well taken because D.C.Code § 1–1527(a)(1) provides that, once administrative remedies have been exhausted, a "person

---

1. D.C.Code § 1–1521 et seq. (1992 Repl. & 1996 Supp.).

2. "(a) The following matters may be exempt from disclosure ...:
   (3) Investigatory records compiled for law-enforcement purposes, but only to the extent that the production of such records would:
   (D) Disclose the identity of a confidential source, and ... confidential information furnished only by the confidential source[.]"

3. Relying on the federal FOIA provision, 5 U.S.C.A. § 552(a)(4)(B), the court ruled that it

lacked jurisdiction to adjudicate the case, stating that

   [w]hen a complaint is made for non-compliance of the Freedom of Information Act, the district court of the United States in the district in which the complainant resides, or his principal place of business, or in which the agency records are situated, or in the District of Columbia are the proper jurisdictions in which to file such complaint.

4. The District did not argue in the trial court that the court was without jurisdiction.

seeking disclosure may institute proceedings ... in the Superior Court for the District of Columbia." *See Donahue v. Thomas,* 618 A.2d 601, 604 n. 9 (D.C.1992). Therefore, the trial court incorrectly concluded that this action should have been brought in federal court rather than the Superior Court.

 Even though the trial court wrongly dismissed the complaint on the ground given, the District nonetheless urges that we affirm because it contends that the trial court's action is supportable on another ground, namely that the District was entitled to summary judgment. *See Ibn–Tamas v. United States,* 407 A.2d 626, 635–36 (D.C.1979); *Group Health Ass'n v. Reyes,* 672 A.2d 74, 75 n. 1 (D.C.1996). Although we agree that, where warranted, we are free to affirm on a ground not relied upon by the trial court, on this record we are unable to do so.

■ Summary judgment may be granted only upon a showing by the moving party that there is no dispute of material fact and that the movant is entitled to judgment as a matter of law. *McCoy v. Quadrangle Dev. Corp.,* 470 A.2d 1256, 1258 (D.C.1983). We are satisfied that, on this record, there are unresolved issues sufficient to bar the grant of summary judgment. For example, appellant's complaint alleges that the identities of the witnesses at the January 26, 1994, MPD lineup were disclosed to the "U.S Attorney, court appointed attorneys, and U.S. Magistrate Robinson, but not" to appellant.[5] The implication of this claim is that disclosure of the witnesses' identities to others breached the "confidentiality" of the information. If that is so, it raises the question of whether the DC–FOIA disclosure exemption relied upon by the District would apply. That issue is one best left to the trial court for resolution upon a record more extensive than the one before this court.

5. The assertions in the affidavit of Sgt. Joseph Woolridge submitted by the District in support of its motion for summary judgment, which are more in the nature of *conclusions* than *averments* of fact, do not address this claim. Moreover, Anderson has submitted, along with his reply brief in this court, what purports to be a transcript of a proceeding in the district court

It is for these reasons that the case is

*Reversed and remanded.*

that may, or may not, support the contention made in the complaint. This "transcript" is not part of the record in this appeal and, therefore, will not be considered by us. Presumably, if authentic, it will be available to the trial court upon remand for whatever use the court deems appropriate.