**Hallie STONE, Appellant,**

v.

**Leon McCONKEY, Appellee.**

**No. 98–CV–686.**

District of Columbia Court of Appeals.

Submitted Oct. 19, 2000.

Decided Nov. 2, 2000.

Hallie Stone, appellant, filed a brief pro se.

No brief was filed on behalf of appellee.

Before TERRY, STEADMAN and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judge:

At the conclusion of a hearing on damages which followed the entry of a default, the trial court awarded judgment to the defaulting party on the ground that the claims asserted in the complaint were precluded by the doctrine of res judicata. We hold that in a post-default hearing to establish damages, the affirmative defense of res judicata—like other defenses to liability—is not available for assertion. We therefore vacate the judgment and remand for further proceedings.

### FACTUAL BACKGROUND

When appellant Hallie Stone was evicted from her apartment, appellee Leon McConkey helped her collect her possessions and store them in his custody in Maryland. Stone allegedly encountered difficulties in recovering her possessions, and she filed a pro se complaint against McConkey [1] in Superior Court for breach of oral contract and conversion. After McConkey failed to defend, the trial court entered a default subject to *ex parte* proof of damages. *See* Super.Ct.Civ.R. 55(a) and (b)(2).

Before the scheduled hearing on damages was held, however, McConkey roused himself and moved to vacate the default on grounds of res judicata. His pro se motion represented that Stone had previously brought a replevin action against McConkey in the District Court of Maryland for Prince George's County which had been dismissed with prejudice. Copies of the replevin complaint and a District Court computer printout relating to that action were annexed to the motion. The trial court initially granted the motion to vacate. The court subsequently reinstated the default, however, because McConkey continued to fail to answer the complaint. A new hearing date was then scheduled for *ex parte* proof of damages.

Both Stone and McConkey appeared at that hearing. In the course of his testimony McConkey stated that the Maryland

---

1. Stone also named McConkey's son William as a defendant, but failed to effect timely service on him. Her motion for an extension of time to serve William was denied, and she did not thereafter pursue her claims against him.

court had dismissed Stone's replevin action with prejudice. Stone expressed surprise at this statement ("it was dismissed but it didn't say with prejudice"). The trial court examined the computer printout annexed to McConkey's earlier motion to vacate the default and understood it to indicate that the Maryland action had indeed been dismissed with prejudice. Over Stone's objection, the court thereupon dismissed her complaint on the merits and awarded judgment to McConkey, on the ground that the final judgment in Maryland was res judicata with respect to the claims in Stone's Superior Court complaint.[2]

Stone appealed to this court. Both parties are pro se, and only Stone filed a brief. She complains, *inter alia*, that she was entitled to a default judgment inasmuch as Stone failed to answer the complaint, and further that the trial court erred in finding that the dismissal in Maryland was with prejudice.

## DISCUSSION

 The judgment of dismissal on grounds of res judicata was procedurally irregular and must be vacated. The entry of the second default after McConkey failed to file an answer "preclude[d] the defaulting party [McConkey] from offering any further defense on the issue of liability." *Lockhart v. Cade*, 728 A.2d 65, 68 (D.C.1999). That bar extended to the affirmative defense of res judicata, which is subject like other affirmative defenses to waiver if not raised in the answer or timely asserted thereafter. *See Group Health Ass'n, Inc. v. Reyes*, 672 A.2d 74, 75 (D.C. 1996). Only the issue of damages remained to be resolved in the post-default hearing. *Lockhart*, 728 A.2d at 68. Although McConkey was "entitled to present evidence in mitigation of damages and cross-examine witnesses" at the hearing to establish damages, he was not entitled to "introduce evidence to defeat his oppo-

nent's right to recover." *Firestone v. Harris*, 414 A.2d 526, 528 (D.C.1980). "[T]he *ex parte* hearing should have been confined to proof of damages only." *Lockhart*, 728 A.2d at 69.

In vacating the judgment, we do not mean to say that the trial court was precluded—or is necessarily precluded on remand—from setting aside the default against McConkey. Prior to the entry of judgment, the trial court may set aside an entry of default "for good cause shown." Super.Ct.Civ.R. 55(c). Here, however, in vacating the default the court "unexpectedly depart[ed] from the terms of [its] prior order" in the course of a hearing that was noticed solely for the purpose of ascertaining Stone's damages. *Lockhart*, 728 A.2d at 69. Before such a departure, Stone was entitled to notice that the default might be set aside based on res judicata, so that she could have a fair chance to rebut that defense. In this regard, our own inspection of the District Court of Maryland's computer printout on which the trial court relied suggests to us that Stone might indeed be able to rebut the defense of res judicata. We find that the printout is ambiguous as to whether the dismissal in Maryland was with or without prejudice. If the dismissal was without prejudice, that is an indication that the judgment was not on the merits, and "thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). The pro se litigants in this case may well be handicapped by their unfamiliarity with the law, but we suspect that if the issue is pursued on remand, the precise nature of the Maryland dismissal is readily ascertainable by the parties with a little legwork. The burden of proof is with McConkey.

We vacate the judgment in favor of McConkey and his son, reinstate the de-

---

2. In an apparent oversight, the judgment of dismissal entered by the court awarded costs to McConkey's son as well as to McConkey, even though the son was never served.

fault against McConkey,[3] and remand for further proceedings.

*So ordered.*

---

3. As to McConkey's son William, entry of a dismissal without prejudice is apparently warranted pursuant to Super.Ct.Civ.R. 4(m). *See* footnote 1, *supra.*